United States District Court
Southern District of Texas

**ENTERED**

April 07, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERTO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:22-cv-00067 |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal Under Rules 9(b) and 12(b)(6)."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion.

### I.  BACKGROUND AND JURISDICTION

This is an insurance case. Plaintiff Roberto Garza alleged that he sustained damage from Hurricane Hanna to his insured property on July 26, 2020.[3] Plaintiff sued his insurer in state court on November 29, 2021.[4] Plaintiff served Defendant Allstate Vehicle and Property Insurance Company by December 3rd,[5] and Defendant answered on December 23rd.[6] Plaintiff's complaint "states that Plaintiff seeks only monetary relief, the maximum of which is not more than

---

[1] Dkt. No. 2.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-2 at 4, ¶ 8.
[4] Dkt. No. 1-2.
[5] Dkt. No. 1-3.
[6] Dkt. No. 1-4.

$74,999.99."[7] Defendant asserts that it did not receive Plaintiff's presuit demand letter until January 27th,[8] which stated that Plaintiff's actual building damages were $80,618.89.[9] Defendant then removed thirty-two days later, within the time allowed by 28 U.S.C. § 1446(b)(3) and Federal Rule of Civil Procedure 6(a)(1)(C). Plaintiff accedes to this Court's jurisdiction.[10]

Plaintiff resides in Texas,[11] so Plaintiff is a citizen of Texas.[12] Defendant is an Illinois corporation with its principal place of business in Illinois.[13] Defendant is therefore a citizen of Illinois.[14] "The removing defendant can meet its burden [to show the propriety of removal] if it shows by a preponderance of the evidence . . . facts in controversy that support a finding of the requisite amount."[15] This Court looks to demand letters as evidence of the amount in controversy.[16] Because Plaintiff's demand letter claiming over $75,000 in actual building damages, not to mention other damages, is strong evidence that the amount in controversy in this case is over $75,000, the Court agrees that diversity jurisdiction properly vests in this Court under 28 U.S.C. § 1332(a).

---

[7] Dkt. No. 1-2 at 11, ¶ 48.

[8] Dkt. No. 1 at 2, ¶ 7.

[9] Dkt. No. 1-6 at 3.

[10] Dkt. No. 8 at 2, ¶ 6.

[11] Dkt. No. 1-2 at 3, ¶ 2.

[12] *See MidCap Media Fin. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").

[13] Dkt. No. 7 at 1.

[14] *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (holding that a corporation is a citizen of the state where it is incorporated and where its headquarters are located).

[15] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotation marks omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[16] *King v. Ameriprise Fin. Servs., Inc.*, No. 2:09-cv-00112, 2009 WL 1767641, at *3 (S.D. Tex. June 19, 2009) (Jack, J.) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254–55 (5th Cir. 1998) & *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).

Contemporaneously with Defendant's notice of removal, it filed the instant motion for partial dismissal.[17] The Court now turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

The Court uses the Federal Rules of Civil Procedure and federal pleading standards to test a complaint.[18] Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." "[F]or purposes of 12(c), 'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed.'"[19] Because Plaintiff filed his live pleading in state court[20] and Defendant filed its answer in state court,[21] a motion for judgment on the pleadings is ripe.[22] A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[23] "[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[24]

Under Federal Rule of Civil Procedure 12(b)(6), "[a] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[25] To avoid dismissal, the complaint "must contain sufficient factual

---

[17] Dkt. No. 2.

[18] *Fonseca v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:20-cv-358, 2020 WL 7497018, at *4 & nn.64, 66 (S.D. Tex. Dec. 21, 2020) (Alvarez, J.); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 201 (5th Cir. 2016).

[19] *Mandujano v. City of Pharr*, 786 F. App'x 434, 436 (5th Cir. 2019) (per curiam) (quoting 5C ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 1998 & Supp. Apr. 2019)).

[20] Dkt. No. 1-2.

[21] Dkt. No. 1-4.

[22] *Cf. Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015).

[23] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[24] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

[25] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[27] as not entitled to the assumption of truth,[28] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[29] Naked assertions devoid of factual enhancement, formulaic recitations of the elements of a cause of action, threadbare conclusory statements, and allegations that "do not permit the court to infer more than the mere possibility of misconduct" will not suffice.[30] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] The Court reads the complaint as a whole[32] and accepts all well-pleaded facts as true (even if doubtful or suspect[33]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[34]), but will not strain to find inferences favorable to the plaintiff,[35] but also will not indulge competing reasonable inferences that favor

---

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[28] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[29] *Iqbal*, 556 U.S. at 678–79; *see Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[30] *Iqbal*, 556 U.S. at 678–79.

[31] *Id.*; *see In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted) (holding that the "standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements").

[32] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[34] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).

[35] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

the defendant.[36] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[37] and

the complaint must plead facts that "nudge" the claims "across the line from conceivable to

plausible"[38] because discovery after permitting a complaint to survive a motion to dismiss is not a

license to fish for a colorable claim.[39] The complaint must allege more than facts merely consistent

with a defendant's liability;[40] the complaint must plead every material point necessary to sustain

recovery and dismissal is proper if the complaint lacks a requisite allegation.[41] However, the

standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is

plausible, not to evaluate the plaintiff's likelihood of success."[42] A plaintiff need not plead

evidence[43] or even detailed factual allegations, especially when certain information is peculiarly

within the defendant's possession.[44] The Court is to give a liberal construction to the pleadings

and disentitle a plaintiff from offering evidence to clarify and support their theories of liability

only if there is no basis for liability.[45]

The Court is limited to assessing only the complaint, its proper attachments, documents

incorporated into the complaint by reference, and matters of which the Court may take judicial

---

[36] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[37] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 570).

[39] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[40] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[41] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[42] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[43] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 241 (5th Cir. 2016).

[44] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[45] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

notice.[46] Attachments to the complaint become part of the pleadings for all purposes,[47] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[48] except in the case of affidavits.[49] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[50] but not if the material to be considered is a matter of public record[51] or a website[52] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[53]

In addition, Federal Rule of Civil Procedure 9(b) requires that a plaintiff, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[54] For example, "[c]laims alleging violations of the Texas Insurance Code and the [Texas Deceptive Trade Practices-Consumer Protection Act] and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent

---

[46] *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).

[47] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).

[48] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).

[49] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").

[50] FED. R. CIV. P. 12(d).

[51] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

[52] *Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) (Owsley, J.) (citing *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) & *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam)).

[53] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

[54] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).

misrepresentation are subject to [Federal Rule 9(b)'s] requirements."[55] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, a plaintiff must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[56] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[57] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[58]

To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[59] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; a plaintiff must delineate which defendant is responsible for which allegedly fraudulent activity.[60] Courts

---

[55] *Janssen v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-21-CV-00750-JKP, 2021 WL 4200618, at *1 (W.D. Tex. Sept. 14, 2021) (third alteration in original) (quoting *Frith*, 9 F. Supp. 2d at 742) (first citing *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-cv-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012) (Harmon, J.); and then citing *Lone Star Ladies Inv. Club*, 238 F.3d at 368); *cf. Tommaso v. State Farm Lloyds*, No. 7:15-cv-00274, 2016 WL 6883042, at *3 (S.D. Tex. Sept. 28, 2016) (Alvarez, J.) (applying Rule 9(b) to a Texas Insurance Code § 541.060(a)(1) claim because the claim was "ultimately grounded in fraud").

[56] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (first quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); and then quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)); *see Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

[57] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).

[58] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

[59] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

[60] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").

will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[61]

### b. Analysis

#### 1. Statutory Claims

This case is markedly similar to *Sanchez v. Allstate Vehicle & Property Insurance Co.*[62] Indeed, the attorneys representing Plaintiff are identical between *Sanchez* and this case. Because of the significant parallels, the Court relies heavily upon *Sanchez* in the following analysis.

Defendant first seeks to dismiss Plaintiff's claims under Texas Insurance Code, Chapter 541 and Chapter 542.[63] Plaintiff's first cause of action is under Texas Insurance Code § 541.060(a)(1).[64] "The Court applies fraud pleading standards to this claim."[65] Like in *Sanchez*, Plaintiff only offers vague allegations that fail to identify the who, where, and when of Plaintiff's § 541.060(a)(1) claim, such as: "Defendant ALLSTATE has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full."[66] Defendant's motion to dismiss is **GRANTED** to the extent it seeks to dismiss Plaintiff's claims under Texas Insurance Code § 541.060(a)(1).

Plaintiff's next claim is under Texas Insurance Code § 541.060(a)(2)(A).[67] Plaintiff's allegations are sufficient if Plaintiff alleges that: "(1) the policy covers the claim, (2) the insured's liability is reasonably clear, (3) the claimant has made a proper settlement demand within policy

---

[61] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[62] No. 7:21-cv-00401, 2021 WL 5636695 (S.D. Tex. Dec. 1, 2021) (Alvarez, J.).
[63] Dkt. No. 2 at 3, ¶ 7.
[64] Dkt. No. 1-2 at 7–8, ¶ 26.
[65] *Sanchez*, 2021 WL 5636695, at *5 & n.81.
[66] Dkt. No. 1-2 at 5, ¶ 13.
[67] *Id.* ¶ 14.

limits, and (4) the demand's terms are such that an ordinarily prudent insurer would accept it."[68] Plaintiff alleges that he sustained damage to his insured property,[69] and that he transmitted a demand letter but Defendant failed to pay,[70] but unlike *Sanchez*, Plaintiff neither alleges in his complaint nor indicates in his demand letter what his insurance policy's coverage limits are, so it is unascertainable whether a reasonably prudent insurer would accept Plaintiff's demand for $93,308.62. The Court therefore agrees that Plaintiff's allegations are inadequate to state a claim. Defendant's motion to dismiss is **GRANTED** to the extent it seeks to dismiss Plaintiff's claims under Texas Insurance Code § 541.060(a)(2)(A).

Plaintiff's next claim is under Texas Insurance Code § 541.060(a)(3). Plaintiff's allegations are identical to the allegations this Court found sufficient in *Sanchez*.[71] Accordingly, Defendant's motion to dismiss is **DENIED** to the extent it seeks to dismiss Plaintiff's claims under Texas Insurance Code § 541.060(a)(3).

Plaintiff's next claims are under Texas Insurance Code §§ 542.058 and 542.060.[72] Like in *Sanchez*, Plaintiff Garza offers only conclusory allegations that Defendant failed to pay after receiving the necessary information.[73] For the reasons elaborated in *Sanchez*, Plaintiff's allegations are insufficient.[74] Defendant's motion to dismiss is **GRANTED** to the extent it seeks to dismiss Plaintiff's claims under Texas Insurance Code §§ 542.058 and 542.060.

### 2.   *Nonstatutory Claims*

---

[68] *Sanchez*, 2021 WL 5636695, at *5 (quoting *Rocor Int'l v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002)).
[69] Dkt. No. 1-2 at 4, ¶¶ 5–8.
[70] *Id.* ¶¶ 10–11.
[71] *Compare* Dkt. No. 1-2 at 5, ¶ 15, *with Sanchez*, 2021 WL 5636695, at *6.
[72] Dkt. No. 1-2 at 8, ¶¶ 29–30.
[73] *Id.* at 6, ¶¶ 17–18.
[74] *See Sanchez*, 2021 WL 5636695, at *6.

Defendant seeks to dismiss Plaintiff's claim for breach of the common law duty of good faith and fair dealing.[75] "A cause of action is stated when the insured alleges that the insurer had no reasonable basis for the denial or delay in payment of a claim and that the insurer knew or should have known of that fact."[76] The Texas Supreme Court held that "requiring a bad faith claimant to prove that a carrier failed to attempt to effectuate a settlement after its liability has become reasonably clear eliminates the conflict with our no-evidence standard of review. Moreover, this solution unifies the common law and statutory standards for bad faith."[77] Accordingly, Plaintiff's claim for breach of the duty of good faith and fair dealing rises and falls with Plaintiff's statutory claim under Texas Insurance Code § 541.060(a)(2)(A).[78] Because Plaintiff's statutory claim fails, Plaintiff's first nonstatutory claim also fails.[79] Defendant's motion to dismiss is **GRANTED** to the extent it seeks to dismiss Plaintiff's claim for breach of the common law duty of good faith and fair dealing.

Defendant lastly seeks to dismiss Plaintiff's common law fraud claim.[80] Plaintiff's claims, like the plaintiff's claims in *Sanchez*, are impermissibly conclusory and fail to identify the precise who, when, and where of Plaintiff's fraud claim.[81] Defendant's motion to dismiss is therefore **GRANTED** to the extent it seeks to dismiss Plaintiff's claim for common law fraud.

### III. CONCLUSION AND HOLDING

---

[75] Dkt. No. 2 at 7, ¶ 24.
[76] *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994).
[77] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).
[78] *Sanchez*, 2021 WL 5636695, at *7 n.101; *Abdon v. State Farm Lloyds*, No. 7:17-cv-00006, 2017 WL 3535441, at *4 (S.D. Tex. Aug. 17, 2017) (Alvarez, J.) (footnote omitted) ("In Texas, the common-law bad faith standard is imputed to statutory liability under the TIC. Thus, common law bad faith shares the same standard as TIC §§ 541.060(a)(2) and (a)(7).").
[79] *See* Dkt. No. 2 at 8, ¶ 28.
[80] Dkt. No. 2 at 9, ¶ 30.
[81] *Compare* Dkt. No. 2 at 9, ¶ 30 (quoting Dkt. No. 1-2, ¶¶ 20, 34–35), *with Sanchez*, 2021 WL 5636695, at *7.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for partial dismissal.[82] The Court **GRANTS** the motion to the extent that Plaintiff's claims under Texas Insurance Code §§ 541.060(a)(1) and 541.060(a)(2)(A) and 542.058 and 542.060, and Plaintiff's claims for common law fraud and breach of the common law duty of good faith and fair dealing are **DISMISSED WITHOUT PREJUDICE**.[83] The Court **DENIES** Defendant's motion with respect to Plaintiff's claim under Texas Insurance Code § 541.060(a)(3). Plaintiff's § 541.060(a)(3) claim and claim for breach of contract remain pending.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of April 2022.

_____
Micaela Alvarez
United States District Judge

---

[82] Dkt. No. 2.

[83] The Court recognizes that Defendant seeks dismissal of these claims with prejudice, Dkt. No. 2 at 10, ¶ 32, but the Court holds that Plaintiff shall have at least one opportunity to replead these causes of action if he chooses.